**FESTO CORPORATION,**
Plaintiff–Appellee,

v.

**SHOKETSU KINZOKU KOGYO KABUSHIKI CO., LTD., a/k/a SMC Corporation, and SMC Pneumatics, Inc.,**
Defendants–Appellants.

No. 95–1066.

United States Court of Appeals,
Federal Circuit.

Aug. 20, 1999.

Rehearing Denied Aug. 20, 1999.

Charles R. Hoffman, Hoffman & Baron, Jericho, New York, for plaintiff-appellee. With him on the brief was Gerald T. Bodner.

Arthur I. Neustadt, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, Virginia, for defendants-appellants.

### ORDER

A combined petition for panel rehearing and rehearing en banc having been filed by the appellants, and a response thereto having been invited by the court and filed by the appellee, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response having been referred to the circuit judges who are in regular active service, and a poll having been taken, it is

ORDERED that the petition for rehearing is denied, the petition to rehear the appeal en banc is granted; the judgment of the court entered on April 19, 1999, and reported at 172 F.3d 1361 (Fed.Cir.1999), is vacated; and the opinion of the court accompanying the judgment is withdrawn;

IT IS FURTHER ORDERED that new briefs shall be filed. Appellants' principal brief is due within 60 days of the date of this order. The dates for filing the remaining briefs shall be in accordance with Fed. Cir. R. 31(a). Amici curiae may file briefs at the time that appellee's brief is due. The parties may respond to the amici, if they wish, at the time the reply brief is due. An original and 30 copies of all briefs shall be filed and two copies shall be served on opposing counsel.

The following questions may be addressed in the briefs:

1. For the purposes of determining whether an amendment to a claim creates prosecution history estoppel, is "a substantial reason related to patentability," *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 33, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997), limited to those amendments made to overcome prior art under § 102 and § 103, or does "patentability" mean any reason affecting the issuance of a patent?

2. Under *Warner–Jenkinson,* should a "voluntary" claim amendment—one *not* required by the examiner or made in response to a rejection by an examiner for a stated reason—create prosecution history estoppel?

3. If a claim amendment creates prosecution history estoppel, under *Warner–Jenkinson* what range of equivalents, if any, is available under the doctrine of equivalents for the claim element so amended?

4. When "no explanation [for a claim amendment] is established," *Warner–Jenkinson,* 520 U.S. at 33, 117 S.Ct. 1040, thus invoking the presumption of prosecution history es-

toppel under *Warner–Jenkinson,* what range of equivalents, if any, is available under the doctrine of equivalents for the claim element so amended?

5. Would a judgment of infringement in this case violate *Warner–Jenkinson*'s requirement that the application of the doctrine of equivalents "is not allowed such broad play as to eliminate [an] element in its entire-ty," 520 U.S. at 29, 117 S.Ct. 1040. In other words, would such a judgment of infringement, post *Warner–Jenkinson,* violate the "all elements" rule?

Oral argument will be scheduled by later order.